# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * | |
| TIARA PULLENS,                    * | |
| * | No. 13-173V |
| Petitioner,    * | Special Master Christian J. Moran |
| * | |
| v.                                          * | Filed: October 14, 2014 |
| * | |
| SECRETARY OF HEALTH    * | Attorneys' fees and costs, interim |
| AND HUMAN SERVICES,       * | award, amount which is not disputed. |
| * | |
| Respondent.    * | |
| * * * * * * * * * * * * * * * * * * * * * | |

<u>Nicholas E. Bunch</u>, White, Getgey & Meyer, Cincinnati, OH, for petitioner;
<u>Jennifer L. Reynaud</u>, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

Tiara Pullens claims that the influenza ("flu") vaccine she received on November 16, 2010, caused her to suffer dermatomyositis. Ms. Pullens seeks compensation pursuant to the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 <u>et</u> <u>seq</u>. (2006). Her case remains pending.

Ms. Pullens is now awarded, on interim basis, attorneys' fees and costs in the total amount of **$40,881.69**. See <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

On September 23, 2014, Ms. Pullens filed an application for an award of interim attorneys' fees and reimbursement of costs, seeking a total of $45,201.59. This request includes work performed by Ms. Pullen's attorney, Nicholas E.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Bunch, through July 18, 2014, as well as fees from her expert, Dr. M. Eric Gershwin. On October 3, 2014, petitioner filed a joint stipulation of fact stating that the parties have agreed to the (reduced) amount of **$40,881.69** for interim attorney's fees and costs to be awarded to Ms. Pullens and to which respondent will not object.

Regardless of whether they entitled to compensation, petitioners who bring their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Respondent does not contend that Ms. Pullens fails to satisfy this standard. Thus, Ms. Pullens is entitled to an award of attorneys' fees and costs.[2]

After a determination that Ms. Pullens is entitled to an award of attorneys' fees and costs, the next question is to decide the reasonable amount. A review of the materials offered in support of the motion for interim attorneys' fees and costs indicates that the (reduced) requested amount is reasonable. Therefore, Ms. Pullens is awarded the amount to which respondent did not object.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs. Therefore, in the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment in petitioner's favor. Those fees and costs are awarded as follows:

> **A lump sum payment of $40,881.69, in the form of a check payable to petitioner and petitioner's counsel of record, Nicholas E. Bunch.**

The Clerk shall enter judgment accordingly.[3] The court thanks the parties for their cooperative efforts in resolving this matter.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] The finding that the petition was supported by good faith and reasonable basis is not intended to suggest whether Ms. Pullens is entitled to compensation.

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.